IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JARVIS KILLINGSWORTH,**                    CASE NO. 3:25 CV 110

    Plaintiff,

    v.                                            JUDGE JAMES R. KNEPP II

**DETECTIVE MATT BOSS, et al.,**

    Defendants.                               **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

*Pro se* Plaintiff Jarvis Killingsworth filed this civil rights action to contest his May 2019 conviction in the Allen County Court of Common Pleas. (Doc. 1); *see State v. Killingsworth*, No. 1-19-27, NO. 1-19-28, 2020 WL 995825 (Ohio App. 3d Dist. March 2, 2020). He claims he was wrongfully convicted of robbery because the trial court lacked subject matter jurisdiction, the conviction was against the manifest weight of the evidence because the police reports were not attached to the criminal complaint, and the complaint and affidavit were not properly signed voiding the conviction. (Doc. 1, at 3-4). He seeks an Order from this Court vacating his conviction, and $25,000,000,000.00 in damages. *Id.* at 4.

### BACKGROUND

On January 20, 2019, Daniel Kelley ("Daniel") and his wife, Jessica Kelley ("Jessica"), were clearing snow and salting sidewalks at their apartment building in Lima, Ohio. *Killingsworth*, 2020 WL 995825, at *1 Daniel was shoveling near the back of the building while Jessica was salting the public sidewalks near the front. *Id.* Daniel was walking back to his truck when Plaintiff

approached him and brandished a gun. *Id.* Plaintiff took Daniel's wallet and cell phone and demanded the password to unlock the phone. *Id.* Jessica overheard the commotion and went to her husband to investigate. Plaintiff pointed the gun at her and ordered her to be quiet. *Id.* While he was struggling with the password, Jessica got the attention of one of their tenants who telephoned police. *Id.* at *2. Plaintiff was apprehended at the scene with Daniel's wallet and cell phone. *Id.* He then directed the deputies to the location where he discarded the gun used to commit the robbery. *Id.* It was determined that the gun was not a firearm but was instead an airsoft pistol. *Id.*

On March 14, 2019, the Allen County Grand Jury indicted Plaintiff on one count of robbery in violation of Ohio Revised Code § 2911.02(A)(2), (B), a second-degree felony. *Id.* He entered a plea of not guilty to the charge at his arraignment. *Id.* The Allen County Grand Jury issued an amended indictment on April 9, 2019, charging Plaintiff with three counts: robbery in violation of Ohio Rev. Code § 2911.02(A)(2), (B), a second-degree felony (Count One), and two counts of kidnapping in violation of R.C. 2905.01(A)(2), (C)(1), second-degree felonies (Counts Two and Three). *Id.*. He entered a plea of not guilty to the charges in the amended indictment. *Id.*

A jury trial was held on May 2-3, 2019. *Id.* On May 2, 2019, the jury found Plaintiff guilty of Counts One and Two of the amended indictment; however, they were unable to reach a unanimous verdict on Count Three of the amended indictment. *Id.* On May 3, 2019, the trial court declared a mistrial with respect to Count Three, and the State entered a *nolle prosequi* with respect to that charge. On May 3, 2019, the trial court sentenced Plaintiff to eight years in prison. Plaintiff appealed that decision to the Ohio Third District Court of Appeals. The Appellate Court affirmed his conviction on March 2, 2020. *See id.*

Plaintiff has now filed this civil rights action against Lima Police Detective Matt Boss, the Lima Police Department, and the Lima Municipal Court to challenge his conviction in the Allen

County Court of Common Pleas. *See* Doc. 1. He claims he was wrongfully convicted, and his conviction and sentence are void for lack of subject matter jurisdiction. *Id.* at 3-4. He claims the amended criminal complaint contained an offense dated after the date the original complaint was filed. *Id.* at 4. He contends the complaints and affidavits were not properly signed rendering the complaint, his conviction, and his sentence void. *Id.* He also claims the police reports were not attached to the criminal complaints or indictments. Plaintiff asserts that to meet the sufficiency of evidence requirement, the police report must be attached and it is not enough for the officers to reference the police report number in the complaint. *Id.* Plaintiff further claims his conviction was against the manifest weight of the evidence. *Id.*

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the

3

allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

To the extent Plaintiff is asking the Court to vacate his conviction, he cannot obtain that relief in a civil rights action. When a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a Petition for Writ of Habeas Corpus if the plaintiff essentially challenges the legality of his conviction or sentence. *Id*.

To the extent Plaintiff is seeking twenty-five billion dollars in damages for a wrongful conviction, he also cannot obtain that relief, unless that challenged conviction has been declared wrongful by a state court on direct appeal or called into question by a court adjudicating a Petition for a Writ of Habeas Corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages that, if found to have merit, would call into question the validity of Plaintiff's conviction or sentence, is not cognizable in a civil rights action unless Plaintiff demonstrates that the conviction or sentence was invalidated on direct appeal or by a habeas petition. *Id*. Plaintiff's Complaint in this case directly challenges the validity of his conviction. His conviction, however, was upheld on appeal and he remains in custody under that sentence. He cannot proceed with a claim for damages.

4

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this action be, and the same hereby is, DISMISSED, pursuant to 28 U.S.C. § 1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2025